# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER PARTNERS II LLC, *Plaintiff and Counterclaim-Defendant*, vs. T-MOBILE USA, INC. AND SPRINT LLC, *Defendants and Counterclaimant-Plaintiffs*. | § § § § § § § § § § § | Case No. 2:24-cv-00015-JRG-RSP (Lead Case) **Jury Trial Demanded** |
| HEADWATER PARTNERS II LLC, *Plaintiff and Counterclaim-Defendant*, vs. AT&T SERVICES, INC., AT&T MOBILITY LLC AND AT&T CORP., *Defendants and Counterclaimant-Plaintiffs*. | § § § § § § § § § § § § | Case No. 2:24-cv-00016-JRG-RSP (Member Case) **Jury Trial Demanded** |
| HEADWATER PARTNERS II LLC, *Plaintiff and Counterclaim-Defendant*, vs. CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, AND VERIZON CORPORATE SERVICES GROUP INC., *Defendants and Counterclaimant-Plaintiffs*. | § § § § § § § § § § § § § | Case No. 2:24-cv-00007-JRG-RSP **Jury Trial Demanded** |

## **DEFENDANT'S ANSWER IN INTERVENTION**

Intervenor Ericsson Inc. ("Ericsson"), by and through its undersigned counsel, hereby submits the following Answer in Intervention to the January 10, 2024 Complaint (DE 1)

("Complaint") of Plaintiff Headwater Partners II LLC ("Headwater") in the above-titled action, *Headwater Partners II LLC v. AT&T Services, Inc., et al.*, Case No. 2-24-cv-00016 (E.D. Tex., filed Jan. 10, 2024):

### SCOPE OF DEFENDANT'S ANSWER IN INTERVENTION

Ericsson's intervention in this case is limited to defending claims arising from Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.'s ("AT&T") use of Ericsson products. To the extent a response is required to allegations outside of this scope, Ericsson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Ericsson's use of headings in this Answer in Intervention is for convenience only and are not admissions as to any of Headwater's allegations in the Complaint.

### BACKGROUND

1. Ericsson admits that Headwater purports to allege in the Complaint that AT&T has infringed United States Patent Nos. 9,094,868 (the "'868 Patent") and 9,413,502 (the "'502 Patent") (collectively, the "Patents-in-Suit").

2. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

3. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

4. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

5. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

6. Ericsson is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this Paragraph and therefore denies them.

7. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

8. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

9. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

10. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

11. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

12. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

13. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

14. Denied with respect to Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

**PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT**

15. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

16. Ericsson admits that on its face, the '868 Patent is entitled "User equipment link quality estimation based on positioning" and issued on July 28, 2015. Ericsson admits that Exhibit

1 of the Complaint appears to be an accurate reproduction of the '868 Patent.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

17.  Ericsson admits that on its face, the '502 Patent is entitled "Backhaul assisted by user equipment" and issued on August 9, 2016.  Ericsson admits that Exhibit 2 of the Complaint appears to be an accurate reproduction of the '502 Patent.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

**DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES**

18.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

19.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

20.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

21.  Ericsson admits that Headwater purports to accuse "4G LTE and 5G base stations, nodes, and related network equipment and services, including those described in Exhibits 3 and 4, made, used, offered for sale, sold, and/or imported by AT&T in the United States" (the "Accused Instrumentalities").

**JURISDICTION AND VENUE**

22.  This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Ericsson admits that Headwater purports to allege a claim for patent infringement in the Complaint.  Ericsson is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

23. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the Patents-in-Suit through AT&T's use of Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

24. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the Patents-in-Suit through AT&T's use of Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

25. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the Patents-in-Suit through AT&T's use of Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

26. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

27. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

28. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the Patents-in-

Suit through AT&T's use of Ericsson products.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

29. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '868 PATENT

30. Ericsson incorporates by reference each response contained in Paragraphs 1 through 29 of this Answer in Intervention as though fully set forth herein.

31. Ericsson admits that on its face, the '868 Patent issued on July 28, 2015 and is entitled "User equipment link quality estimation based on positioning."  Ericsson admits that Exhibit 1 of the Complaint appears to be an accurate reproduction of the '868 Patent.

32. This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

33. This Paragraph states a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

34. Denied with respect to Ericsson products.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

35. Denied with respect to Ericsson products.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

36. Denied with respect to Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

37. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the Patents-in-Suit through AT&T's use of Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

**COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '502 PATENT**

38. Ericsson incorporates by reference each response contained in Paragraphs 1 through 37 of this Answer in Intervention as though fully set forth herein.

39. Ericsson admits that on its face, the '502 Patent issued on August 9, 2016 and is entitled "Backhaul assisted by user equipment." Ericsson admits that Exhibit 2 of the Complaint appears to be an accurate reproduction of the '502 Patent.

40. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

41. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

42. Denied with respect to Ericsson products. Ericsson has never sold or deployed base stations that support Integrated Access Backhaul (IAB) in any commercial network. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations set forth in this Paragraph and therefore denies them.

43. Denied with respect to Ericsson products. Ericsson has never sold or deployed base stations that support Integrated Access Backhaul (IAB) in any commercial network. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

44. Denied with respect to Ericsson products. Ericsson has never sold or deployed base stations that support Integrated Access Backhaul (IAB) in any commercial network. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

45. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Ericsson denies that AT&T has infringed the Patents-in-Suit through AT&T's use of Ericsson products. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

## JURY DEMAND

46. No response is necessary to a jury demand. To the extent a response is deemed to be required, Ericsson admits that Headwater requests a trial by jury.

## RESPONSE TO HEADWATER'S PRAYER FOR RELIEF

Ericsson denies that Headwater is entitled to any relief with respect to Ericsson products, including but not limited to the relief sought by Headwater under Paragraphs A–G of the Complaint.

## DEFENSES

Without altering the burden of proof, Ericsson asserts the following defenses, which are based upon an investigation that is not complete and is prior to the results of any discovery from Headwater. Ericsson's investigation of its defenses is continuing, and Ericsson reserves the right to assert all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### First Defense

Ericsson has not infringed, and does not infringe (literally, under the doctrine of equivalents, directly, indirectly, contributorily, or by inducement) any valid, enforceable claim of the Patents-in-Suit.

### Second Defense

Ericsson's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

### Third Defense

Headwater is not entitled to any form of equitable relief because Headwater has not suffered, and will not suffer, irreparable harm as a result of the alleged conduct. Headwater has an adequate remedy at law, and the balance of hardships and the public interest do not favor injunctive relief. Ericsson further alleges that Headwater is an entity which, upon information and belief, does not make or sell any products or services. Accordingly, Ericsson further alleges that Headwater could not meet the applicable standard to warrant an injunction.

### Fourth Defense

Headwater's right to seek damages is limited, including without limitation, by 35 U.S.C.

§§ 286, 287 and 288.

## Fifth Defense

The claims of the Patents-in-Suit are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including without limitation §§ 101, 102, 103, and/or 112 thereof.

## Sixth Defense

To the extent Headwater was not the sole and total owner of all substantial rights in the Patents-in-Suit as of the filing date of the Complaint, Headwater lacks standing to bring one or more claims in this lawsuit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Ericsson demands a trial by jury on all issues so triable.

Dated: July 17, 2024

Respectfully Submitted,

/s/ Deron R. Dacus
Jacob K. Baron, Esq.
MA Bar No.: 652568
Email: jacob.baron@hklaw.com
Joshua C. Krumholz, Esq.
(LEAD COUNSEL)
(*Pro hac vice*)
MA Bar No.: 552573
Email: joshua.krumholz@hklaw.com
Jacob W. S. Schneider, Esq.
(*Pro hac vice*)
MA Bar No.: 675315
Email: jacob.schneider@hklaw.com
Allison M. Lucier, Esq.
(*Pro hac vice*)
MA Bar No.: 569193
Email: allison.lucier@hklaw.com
HOLLAND & KNIGHT LLP
10 Saint James Avenue; 11th Floor
Boston, MA 02116

Telephone: 617-523-2700  
Facsimile: 617-523-6850  

Deron R. Dacus  
Texas Bar No. 00790553  
E-mail: ddacus@dacusfirm.com  
THE DACUS FIRM, P.C.  
821 ESE Loop 323, Suite 430  
Tyler, Texas 75701  
903-705-1117 (phone)  
903-581-2543 (fax)  

*Attorneys for Ericsson Inc.*

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 17th day of July, 2024, I caused the foregoing Answer in Intervention to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

                                           */s/   Deron R. Dacus*  
                                              Deron R. Dacus, Esq.